# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| ASHLEY CREECH, | * | Case No. 1:16-CV-01047 |
| | * | |
| Plaintiff, | * | Judge Timothy S. Black |
| | * | |
| v. | * | |
| | * | |
| PAYCOR, INC., et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

## DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendants Paycor, Inc. and Joel Lippolis (collectively, "Defendants") respectfully request that the Court grant summary judgment on Counts I, II, III, V, and VII of Plaintiff's Complaint as to both Defendants, as well as Counts IV and VI to the extent that they are asserted against Lippolis.

A memorandum in support of Defendants' Partial Motion for Summary Judgment is attached.

Respectfully submitted,

 */s/ Katharine C. Weber*
Katharine C. Weber (0042126)
Jamie M. Goetz-Anders (0083562)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051

katharine.weber@jacksonlewis.com
jamie.goetz-anderson@jacksonlewis.com
*Counsel for Defendants*

**MEMORANDUM IN SUPPORT**

In her Complaint, Plaintiff Ashley Creech has alleged various claims under Ohio and federal law against Paycor and Lippolis (an employee of Paycor whom Creech has alleged was her supervisors) relating to her employment with, and separation from, Paycor. In Counts I, III, V, and VII of her Complaint, Creech purports to bring claims for sexual harassment, sex discrimination, retaliation, and intentional infliction of emotional distress against both Paycor and Lippolis under Ohio law. In the employment application which Creech submitted, she agreed to bring all claims against Paycor and its managers related to her employment and separation of employment within six months after the event or occurrence upon which they are based. Such limitation of action clauses are reasonable and valid under Ohio law, and routinely are enforced in Ohio state and federal courts. Creech's Ohio state law claims are barred as a matter of law because, contrary to the terms of the employment application, she waited more than a year after her separation from Paycor (the latest date that any alleged violation possibly could have occurred) to assert them.

Furthermore, in Counts II, IV, and VI Creech alleges claims for sexual harassment, sex discrimination, and retaliation under Title VII. To the extent that these claims are asserted against Lippolis, however, they must be dismissed because Creech never filed a charge of discrimination against Lippolis and therefore failed to exhaust her administrative remedies as to any claims against him prior to filing suit. Likewise, Count II – in which Creech alleges a claim for sexual harassment under Title VII – must be dismissed to the extent it is asserted against Paycor as well. Creech's EEOC Charge did not include any allegations of sexual harassment, and Creech therefore failed to exhaust her administrative remedies as to this claim as well.

Summary judgment is proper.

2

I.  UNDISPUTED FACTS

A. Creech Applies For Employment With Paycor And Agrees To Bring Any Claims Relating To Her Employment Within Six Months.

Creech submitted an application for employment with Paycor on or about October 22, 2014. (Declaration of Karen Crone ("Crone Decl.") at ¶3 and Ex. A.)[1] The employment application, in a section with the heading "**AGREEMENT (PLEASE READ CAREFULLY)**" states as follows:

> I agree that in exchange for Paycor considering my application for employment, and in exchange for any future offer of employment that Paycor may extend to me, I shall file any lawsuit (and all claims that could be included in that lawsuit) against Paycor or any of its managers, agents or other employees, relating to my application for employment, employment, or separation of employment, within six (6) months after the date of the action or event that is the subject of my lawsuit. I hereby waive any statute of limitations to the contrary. I understand that this provision does not prevent me from filing a charge with or participating in any investigation conducted by any federal, state, or local government agency. I UNDERSTAND THAT I AM AGREEING TO FILE ANY LAWSUIT REGARDING ANY EMPLOYMENT DISPUTE AGAINST PAYCOR OR ITS MANAGERS, AGENTS AND EMPLOYEES NO LATER THAN SIX MONTHS AFTER THE ACTION OR EVENT THAT IS THE SUBJECT OF THE DISPUTE. . . . I UNDERSTAND THAT IF I DO NOT AGREE TO THIS PROVISION I SHOULD NOT SUBMIT THIS APPLICATION FOR EMPLOYMENT.

(*Id.* at Ex. A, p. 2 (emphasis in original).)

Creech agreed, signed the employment application directly below this provision, and submitted the application to Paycor for consideration. (*See id.*) Creech subsequently was hired by Paycor as a Distribution Specialist on or about November 7, 2014. (Compl. ¶13.)

B. After Her Termination, Creech Files A Charge Of Discrimination Alleging Only Gender Discrimination And Retaliation Claims Against Paycor.

Creech resigned her employment with Paycor on or about October 14, 2015. (Compl. ¶97.) Creech filed a Charge of Discrimination against Paycor with the U.S. Equal Employment

---

[1] The Declaration of Karen Crone is attached as Exhibit 1.

3

Opportunity Commission approximately ten months later, on or about August 3, 2016. (Crone Decl. Ex. B.) Creech's Charge identifies only Paycor as a respondent, and alleges the following:

> I. I am a female. On or about October 12, 2015, I complained to Human Resources about being placed on an action plan. On October 14, 2015, I was forced to resign.
> II. Management is responsible for the above action.
> III. I believe I have been discriminated against because of sex and retaliated against for complaining, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*See id.*)

Lippolis was not named as a respondent to the Charge, nor does his name even appear anywhere in the Charge. (*See id.*) Additionally, Creech's Charge contains no allegation that she allegedly was subjected to sexual harassment during her employment with Paycor. (*See id.*) Just two days later, Creech received her dismissal and notice of right to sue notice from the EEOC on or about August 5, 2016. (*See* Compl. ¶8, Ex. 1.)

### C. Creech Files This Lawsuit Against Paycor And Lippolis More Than One Year After Her Termination.

Creech filed this lawsuit on November 2, 2016, more than a year after her employment with Paycor ended. (*See generally* Compl.) In her Complaint, Creech asserts the following claims against Paycor and Lippolis:

- Sexual harassment under Ohio law (Count I);
- Sexual harassment under Title VII (Count II);
- Gender discrimination under Ohio law (Count III);
- Gender discrimination under Title VII (Count IV);
- Retaliation under Ohio law (Count V);
- Retaliation under Title VII (Count VI); and
- Intentional infliction of emotional distress under Ohio law (Count VII).

(*See* Compl.)

## II. ARGUMENT

### A. Creech's Ohio Law Claims Against Paycor And Lippolis Must Be Dismissed Because They Are Untimely Pursuant To the Six-Month Limitation of Actions Provision To Which Creech Agreed In Her Employment Application (Counts I, III, V, and VII).

Counts I, III, V, and VII of Creech's Complaint – all of which arise under Ohio law – are time-barred pursuant to the limitation of actions clause contained in the employment application that Creech submitted, which is reasonable and enforceable under Ohio law. Accordingly, summary judgment is appropriate as to these claims.

#### 1. *The Employment Application's Limitation of Actions Clause Is Valid and Enforceable under Ohio Law.*

Contractual limitation of action clauses repeatedly have been upheld and enforced in the employment context under Ohio law, including clauses requiring employees to bring their claims within six months of the event upon which the claim is based. *See, e.g.*, *Williamson v. Western & Southern Life Ins. Co.*, 2008 Ohio App. Lexis 4701 (Ohio App., Oct. 28, 2008); *Jacobs v. Western & Southern Life Ins. Co.*, 2008 Ohio App. Lexis 2784 (Ohio App., June 30, 2008).

In *Williamson*, the employee signed an agreement in which he agreed "[n]ot to commence any action or suit relating to your employment with Western Southern more than six months after the date of termination of such employment, and to waive any statute of limitation to the contrary." 2008-Ohio-5575 at ¶¶6-8. The court affirmed dismissal of the plaintiff's claims, holding that "the contract language . . . was not ambiguous, and that [the employee] was required to commence any employment-related legal action within six months, which he failed to do." *Id*. at ¶38. In *Jacobs*, another Ohio appellate court, interpreting identical contract language, reached the same result and affirmed the trial court's decision granting summary judgment to the

5

defendant employer because the plaintiff's claims were filed beyond the six-month period. 2008-Ohio-3298.

The United States Court of Appeals for the Sixth Circuit and federal district courts within the Sixth Circuit also have held that six-month contractual limitation of action clauses are reasonable and enforceable under Ohio law, specifically including those contained in employment applications. *See Sanders v. DaimlerChrysler Corp.*, 2006 U.S. Dist. Lexis 84348, at *14-15 (N.D. Ohio, Nov. 9, 2006) (enforcing clause in employment application that abbreviated the limitations period to six months); *Hoskins v. DaimlerChrysler Corp.*, 2005 U.S. Dist. Lexis 45418, at *13-14 (S.D. Ohio, March 30, 2005) (same). The Sixth Circuit has held that such clauses are not inherently unreasonable. *See Thurman v. DaimlerChrylser, Inc.*, 397 F.3d 352 (6th Cir. 2004) (analyzing Michigan law); *Myers v. Western-Southern Life Ins. Co.*, 849 F.2d 259, 262 (6th Cir. 1988) (enforcing contractual limitation of actions clause in employment context and finding that "there is nothing inherently unreasonable about a six-month limitations period").

2. *Counts I, III, V, and VII of Creech's Complaint Are Time-Barred.*

Creech's employment application required that Creech "file any lawsuit . . . against Paycor or any of its managers, agents or other employees, relating to [her] application for employment, employment, or separation of employment" within six months "after the date of the action or event that is the subject of [her] lawsuit." (*See* Crone Decl. Ex. A.) The limitation of actions clause in Creech's employment application is reasonable and enforceable under Ohio law. (*See supra.*) It is beyond dispute that the claims asserted in Counts I, III, V, and VII relate to Creech's employment with (and/or separation from) Paycor. As a result, Creech was contractually obligated to commence any action relating to these claims within six months of her resignation of employment. Creech failed to do so, and her claims are now time-barred.

6

Creech's employment with Paycor ended on October 14, 2015. (*See* Compl. ¶97.) To the extent that she now alleges that Paycor and/or Lippolis harassed, discriminated or retaliated against, or intentionally caused her emotional distress in contravention of Ohio law, any such actions necessarily must have occurred before her employment ended. Creech, however, did not commence this action until November 2, 2016 – approximately ***13 months*** after her termination, and well outside of the six-month period in which Creech was contractually obligated to assert her claims. Accordingly, Counts I, III, V, and VII of Creech's Complaint are time-barred. Summary judgment on these claims is appropriate.

> B. <u>Creech's Title VII Claims Against Lippolis Must Be Dismissed Because Creech Did Not Exhaust Her Administrative Remedies Against Lippolis (Counts II, IV, and VI).</u>

It is axiomatic that an employee alleging a violation of Title VII must first exhaust her administrative remedies prior to filing a lawsuit, including filing an administrative charge of discrimination with the EEOC. *See* 42 U.S.C. §2000e-5(e)(1). *See also Williams v. CSI Transp. CO., Inc.,* 643 F.3d 502 (6th Cir. 2011) ("[b]efore a plaintiff may sue under Title VII in federal court, she must first exhaust her administrative remedies, one component of which is timely filing a 'charge' with the EEOC."). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. §1601.12(b). Thus, generally speaking, a party not named in an EEOC charge may not be sued under Title VII. *Romain v. Kurek,* 772 F.2d 281, 283 (6th Cir. 1985).

Here, Creech's Title VII claims against Lippolis must be dismissed because Creech never exhausted her administrative remedies as to any claims against Lippolis. In her Charge, Plaintiff did not identify Lippolis as a respondent – and in fact, his name does not appear anywhere in the Charge. (*See* Crone Decl. Ex. B.) Under these circumstances, Plaintiff's Charge is insufficient

7

to exhaust her administrative remedies against Lippolis, and Plaintiff's Title VII claims against him – Counts II, IV, and VI – must be dismissed. *See, e.g., Robinson v. Rueggeberg*, 2015 U.S. Dist. Lexis 103287 (S.D. Ohio Aug. 6, 2015) (where plaintiff named only the corporate employer in his EEOC charge and did not include individual employee defendants in his EEOC charge, "that fact alone" provided a basis for dismissing claims against the individual defendants); *Wood v. Blyer,* 2006 U.S. Dist. Lexis 85989 (N.D. Ohio Aug. 9, 2006) (individual defendants entitled to judgment as a matter of law because the plaintiff failed to exhaust her administrative remedies against them where she did not name any of them in her EEOC charges).

Furthermore, even if Creech had exhausted her administrative remedies as to Lippolis (which she did not), her Title VII claims against Lippolis nonetheless fail as a matter law because she cannot establish that Lippolis is an "employer" within the meaning of Title VII. *See* 42 U.S.C. §2000e-2(a) ("It shall be an unlawful employment practice for an employer . . . to discriminated against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ."); 42 U.S.C. §2000e(b) (defining the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . .").

Summary judgment is appropriate.

    C. <u>Creech's Title VII Sexual Harassment Claim Against Paycor Must Be Dismissed Because She Did Not Exhaust Her Administrative Remedies As To This Claim (Count II).</u>

As described above, filing a charge of discrimination with the EEOC is a prerequisite to filing a lawsuit alleging a violation of Title VII. *See* 42 U.S.C. §2000e-5(e)(1). Moreover, the

charge must be "sufficiently precise . . . to describe generally the action or practices complained of." *See* 29 C.F.R. §1601.12(b). Therefore, "[a]s a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge" or that cannot be reasonably expected to grow out of the EEOC charge. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974)). As the Sixth Circuit has explained:

> This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion. Hence, allowing a Title VII action to encompass claims outside the reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role.

*Id.* at 361-362 (internal citations omitted).

In *Younis,* the Sixth Circuit affirmed summary judgment on the plaintiff's harassment and retaliation claims where those claims were not raised in the plaintiff's EEOC charge. *Id.* at 362-63. As the court explained, the plaintiff's charge cited only a handful of "discrete acts of alleged discrimination" rather than any allegation of a hostile work environment, and there was "nothing in the narrative portion of the EEOC charge that could be interpreted as claiming retaliation." *Id.* Under these circumstances, the court held that his lawsuit alleging harassment and retaliation "exceeded the scope of his EEOC charge," and the plaintiff therefore was barred from pursuing those claims in federal court as a result of his failure to exhaust his administrative remedies as to them prior to filing suit. *See id.*

Likewise, another district court recently granted summary judgment as to the sexual harassment claims of two of the plaintiffs for failure to exhaust their administrative remedies for those claims prior to filing suit. *Crouch v. Rifle Coal Co., LLC*, 2009 U.S. Dist. Lexis 106167 (E.D. Ky. Nov. 13, 2009). Although these plaintiffs alleged in their charges that they were

discriminated against because of their sex and checked the box indicating that they were complaining of discrimination based on "sex," their charges "failed to allege anything . . . that even hinted at sexual harassment." *See id.* As a result, "[n]either Defendant nor the EEOC was put on notice to investigate claims of sexual harassment creating a hostile work environment as part of [their] complaints to the EEOC." *Id. See also Norris v. Diakin Drivetrain Components,* 46 Fed. Appx. 344 (6th Cir. 2002) (affirming dismissal of plaintiff's same-sex sexual harassment claim and holding that the plaintiff failed to exhaust his administrative remedies prior to filing the claim where his EEOC charge alleged only sexual orientation discrimination).

Like the plaintiffs in *Younis* and *Crouch*, Plaintiff failed to exhaust her administrative remedies as to her sexual harassment claim prior to filing suit. In her Charge, Plaintiff alleged only that she complained to Human Resources about being placed on an action plan and was subsequently forced to resign. (*See* Crone Decl. Ex. B.) Plaintiff did not allege that she was subjected to sexual harassment, and there is nothing in the narrative of her Charge that possibly could be construed as putting either the EEOC or Paycor on notice that she intended to raise a claim for unlawful sexual harassment. (*See id.*) Even Plaintiff's own characterization of her Charge demonstrates that she did not include any allegation of sexual harassment in her EEOC Charge. (*See* Compl. ¶7 ("Prior to instituting this action, Creech filed a charge of discrimination . . . alleging that Defendants had terminated her because of her gender, and retaliated against her because she had previously complained to human resources about being placed on an action plan.").)

Under these circumstances, Plaintiff's claim for sexual harassment exceeds the scope of the Charge that she filed with the EEOC. As a result, she failed to exhaust her administrative

remedies as to any sexual harassment claim prior to initiating this litigation, and is barred from pursuing such a claim in this litigation. Summary judgment is appropriate.

### III. CONCLUSION

For all of the foregoing reasons, Defendants Paycor, Inc. and Joel Lippolis respectfully request that the Court grant summary judgment on Counts I, II, III, V, and VII of Plaintiff's Complaint as to both Defendants, as well as Counts IV and VI to the extent that they are asserted against Lippolis.

Respectfully submitted,

*/s/ Katharine C. Weber*
Katharine C. Weber (0042126)
Jamie M. Goetz-Anders (0083562)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051

katharine.weber@jacksonlewis.com
jamie.goetz-anderson@jacksonlewis.com
*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed and served upon all counsel of record through the Court's Case Management and Electronic Case Filing (CM/ECF) system on January 26, 2017.

*/s/ Katharine C. Weber*
Katharine C. Weber

4822-7035-4496, v. 1